IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, | ) ) | Civ. No. 14-00060 DKW/BMK |
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TED SAKAI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **DISMISSAL ORDER**

Before the court is Plaintiff Francis Anthony Grandinetti's prisoner

civil rights complaint.  Plaintiff is incarcerated at the Saguaro Correctional Center

("SCC") in Eloy, Arizona.  He complains that he has been "passed over" for

"extradition" to Hawaii, and seeks transfer to Hawaii.  Compl., ECF No. 1, PageID

#1.  While Plaintiff's claims are unclear, he appears to seek a transfer to evaluate

various health conditions[1] that he has raised numerous times in the past.  *See, e.g.,*

---

[1] Plaintiff complains of a hernia, a groin tear, "testicular drop," "a twisted and fractured left shoulder," "bashed in" teeth, a fractured right thumb, "very skinny morphology," past due lab work, myopia, and insect bites.  *See* Compl., ECF No. 1, PageID#2.

*Grandinetti v. Baird*, Civ. No. 13-426 LEK; *Grandinetti v. Sells*, Civ. No. 13-

00646 LEK (seeking medical examinations to qualify for parole).

Although Plaintiff has not submitted an *in forma pauperis* application

or paid the statutory filing fee for commencing this action, he submits a document

showing his prison account balance.  *See* Doc. No. 1-2, PageID #15.  The court

liberally construes this as a request to proceed *in forma pauperis*.

For the following reasons, Plaintiff's *in forma pauperis* request is

DENIED and this action is DISMISSED without prejudice pursuant to 28 U.S.C.

§ 1915(g).

## I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in*

*forma pauperis* if he has:

> on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a
> court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only

when, after careful evaluation of the order dismissing an action, and other relevant

information, the district court determines that the action was dismissed because it

was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d

1113, 1121 (9th Cir. 2005). "[T]he district court docket records may be sufficient

to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)

and therefore counts as a strike." *Id.* at 1120.

Plaintiff has at least three cases dismissed in the federal courts that

qualify as "strikes" under 28 U.S.C. § 1915(g), including:

> (1)    *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489
>        SOM-KSC (D. Haw. Aug. 1, 2001) (dismissed for failure
>        to state a claim);
>
> (2)    *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No.
>        96-00117 (E.D. Tex. Mar. 5, 1999) (dismissed as
>        frivolous and for failure to state a claim); and
>
> (3)    *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D.
>        Tex. Jan. 26, 1998) (dismissed as frivolous and for
>        failure to state a claim).[2]

*See* PACER Case Locator, http://pacer.psc.uscourts.gov.  Therefore, Plaintiff may

not bring a civil action without complete prepayment of the filing fee, unless he is

in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

---

[2] The court has notified Plaintiff of his strikes numerous times.  *See e.g.*, *Grandinetti v. Champion Air*, Civ. No. 12-00528 SOM; *Grandinetti v. Inverness Med. Co.*, Civ. No. 12-00489 HG; *Grandinetti v. U.S. Attorney Gen.*, Civ. No.12-00430 HG.

## II. <u>No Imminent Danger</u>

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff has no right to a transfer to Hawaii, *see Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983), or to parole, *see Greenholtz and Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Nor do these types of claims, by themselves, support a finding of imminent danger of serious physical injury.

Plaintiff's remaining claims simply repeat the same injuries he alleges in support of his claims for relief that are now pending before the District of Arizona. The Court therefore dismisses those claims and declines to evaluate the plausibility of these allegations. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (discussing the district court's discretion to dismiss as frivolous claims that "merely repeat[] pending or previously litigated claims") (citing *Bailey*

*v. Johnson*, 846 F2d 1019, 1021 (5th Cir. 1988); *see also Grandinetti v. Baird*, Civ.

No. 13-426 LEK (D. Haw. 2013) (transferred to Arizona, August 30, 2013);

*Grandinetti v. Baird*, 2:13-cv-01794 PGR (D. Ariz. 2013).

Plaintiff's *in forma pauperis* request is DENIED and he may not

proceed without prepayment of the civil filing fee.  The Complaint and action are

DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  Plaintiff may

reassert his transfer and parole claims in a new action by concurrently submitting

the entire $400.00 filing fee, although, as discussed above, he risks dismissal for

failure to state a claim.  *See* 28 U.S.C. § 1915A(a).  Any pending motions are

DISMISSED.  The Clerk shall close the case and note this dismissal is pursuant to

28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 14, 2014.



Derrick K. Watson
United States District Judge

------------------------------------------------------------------------------------------------
Francis Anthony Grandinetti, II, v. Ted Sakai, et al.; CV 14-00060 DKW-BMK;
DISMISSAL ORDER
*Grandinetti v. Sakai*, 1:14-cv-00060 DKW/BMK; J:\Denise's Draft Orders\DKW\Grandinetti, 14-60 DKW (denise's edits).wpd