IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, <br><br>　　　Plaintiff, <br><br>　　vs. <br><br>TED SAKAI, et al., <br><br>　　　Defendants. <br>_____ | ) CIV. No. 14-00060 DKW/BMK <br> ) <br> ) ORDER DENYING MOTION FOR <br> ) RECONSIDERATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On February 14, 2014, this Court denied Plaintiff's request for *in forma pauperis* status and dismissed this action without prejudice to Plaintiff refiling his claims with concurrent payment of the filing fee. *See* Doc. No. 4. The Court found that Plaintiff has no right to transfer to Hawaii or to parole and that such claims do not meet the exception provided by 28 U.S.C. § 1915(g) for prisoners, like Plaintiff, who have accrued three strikes in the federal courts. *Id.* PageID #41-42. Plaintiff's remaining claims alleging various physical ailments and seeking a medical evaluation were dismissed as duplicative of claims Plaintiff is litigating before the United States District Court for the District of Arizona. *Id.*

PageID #41-42; *see Grandinetti v. Baird*, 2:13-cv-01794 PGR (D. Ariz. 2013). Judgment entered that day.

Before the court is Plaintiff's March 7, 2014 notice of appeal, Doc. No. 6, and March 10, 2014 motion for reconsideration, Doc. No. 7, brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the Court DENIES Plaintiff's Motion for Reconsideration.

## I. Jurisdiction to Review the Motion

As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Federal Rule of Appellate Procedure 4(a)(4)(B)(i), however, allows a district court to amend a judgment, even when a notice of appeal has been filed, in certain situations. Appellate Rule 4(a)(4)(B)(i) provides:

> If a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

*Id.* Appellate Rule 4(a)(4)(A) identifies motions to alter or amend the judgment under Federal Rule of Civil Procedure 59 as such a motion. A Rule 59(e) motion

must be "filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Plaintiff's Rule 59(e) motion for reconsideration is therefore timely.

Appellate Rule 4(a)(4)(B)(i), however, does not specify whether it operates when a motion for reconsideration is timely filed after judgment, but is not pending at the time the notice of appeal is filed, as is the case here. *See* Fed. R. App. P. 4(a)(4)(B)(i). The Transmittal Note to the 1993 Amendment to Appellate Rule 4(a)(4) states that a "notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before the disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Although the Ninth Circuit has not expressly addressed this issue, "recent case law suggests that it would embrace the Advisory Committee's interpretation of Appellate Rule 4(a)(4)." *Yousefian v. City of Glendale*, No. CV 11–03579, 2013 WL 948743, at *1 (C.D. Cal. Mar.11, 2013) (citing *Crawford v. Kingdom of Saudi Arabia*, No. CV 11–05206, 2012 WL 3638628, at *3 (N.D. Cal. Aug.22, 2012) (stating that the Ninth Circuit held appeal in abeyance pending the district court's resolution of a post-judgment motion filed after the notice of appeal but within Rule 4(a)(4)'s 28-day time period)).

This Court concludes that it has jurisdiction to consider Plaintiff's motion for reconsideration because his notice of appeal is in abeyance. *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motion prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions.").

## II. The Motion For Reconsideration is Without Merit

Plaintiff submits numerous medical request slips in support of his Motion, dated between May 2011 and February 2012. He asserts that this case "may be transferred to Arizona," should be referred to the United States Department of Justice and other unspecified state and federal agencies, yet is properly brought in Hawaii because "[f]ederal venue in Hawaii is concurrent, not expired, to any exile-venues." Mot., Doc. No. 7. Plaintiff concedes that he was examined at the Saguaro Correctional Center medical unit by two physicians and several nurses on or about February 5, 2014.

Plaintiff's documents and arguments fail to show that: (1) he stated a claim regarding his request to transfer to Hawaii or his right to parole; (2) his other claims are not before the District of Arizona; (3) he was in imminent danger of serious physical injury when he commenced this action; or that (4) the court's

decision was otherwise incorrect.  Plaintiff fails to "demonstrate reasons why the court should reconsider its prior decision," or "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Hele Ku KB, LLC v. BAC Home Loans Servicing, LP*, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).

### III.  Conclusion

Plaintiff's Motion for Reconsideration is DENIED.  The Clerk of Court is DIRECTED to process Plaintiff's notice of appeal.  The Court will take no further action on any documents Plaintiff files in this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 14, 2014.



Derrick K. Watson
United States District Judge

---------------------------------------------------------------------------------------------------
Francis Anthony Grandinetti, II, v. Ted Sakai, et al.; CV 14-00060 DKW-BMK;
ORDER DENYING MOTION FOR RECONSIDERATION

*Grandinetti v. Sakai*, 1:14-cv-00060 DKW/BMK; psa 2014 RECON; J:\Denise's Draft Orders\DKW\Grandinetti 14-60 DKW (R59 after NOA).FINAL.wpd